UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TODD M. DUFRENE | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2154 |
| BP EXPLORATION & PRODUCTION INC., ET AL. | * | SECTION "J" (2) |
| | | Related to:  12-968 BELO in MDL 2179 |

## REPORT AND RECOMMENDATION

Pending before me is a Motion to Dismiss filed by Defendants BP Exploration & Production Inc. and BP America Production Company (together, "BP") seeking dismissal of Plaintiff's Complaint pursuant to Section IV(1) of the BELO Case Initial Proceedings Case Management Order (MDL 2179, ECF No. 14099).  ECF No. 11.  Plaintiff Todd Dufrene filed an Opposition Memorandum, and BP filed a Reply Memorandum.  ECF Nos. 14, 15.  No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the parties' submissions and arguments, and the applicable law, I RECOMMEND that BP's Motion to Dismiss be GRANTED and that Plaintiff's claims be DISMISSED WITH PREJUDICE for the reasons that follow.

## I.    BACKGROUND

Plaintiff Todd Dufrene filed this Back-End Litigation Option suit ("BELO") for Later Manifested Physical Conditions ("LMPC") on August 30, 2024, alleging injuries as a result of exposure to oil, dispersants and other harmful chemicals during Deepwater Horizon cleanup operations while working as a vessel operations worker from June through September, 2010.  ECF No. 4, ¶¶ 1, 3.  In the Complaint, Plaintiff asserts he has attempted to satisfy all pre-suit conditions

1

by submitting a Notice of Intent to Sue dated July 30, 2024, but it was neither processed nor sent to BP, making compliance impossible.  *Id.* ¶ 22.

Defendants move to dismiss the Complaint as untimely because it was not timely filed within the deadline required by the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement ("MSA").  ECF No. 11; *see also* ECF No. 11-2 at 1-2.  Defendants assert that, on July 22, 2022, Plaintiff first submitted a defective Notice of Intent to Sue ("NOIS"), and Plaintiff did not cure the defects until November 10, 2023.[1]  The Claims Administrator issued a Notice of Receipt of Valid Notice of Intent to Sue,[2] after which BP elected not to mediate the case.  By letter dated December 15, 2023, the Claims Administrator notified Plaintiff of BP's election not to mediate.[3]  Thus, BP argues, the deadline for filing his BELO complaint expired on June 15, 2024

---

[1] ECF Nos. 11-2 at 3 (citing ECF No. 11-3 ¶¶ 4–9); 4 ¶ 98; *see also* ECF Nos. 11-4 – 11-9.

[2] ECF No. 11-9.  The Notice states:

> In accordance with Section VIII.C of the Medical Settlement Agreement, the Claims Administrator has transmitted your Notice of Intent to Sue to the BP defendant(s) (the "BP Defendant(s)") named in your notice. Within 30 days of receipt, each BP Defendant must notify the Claims Administrator whether it chooses to mediate your claim. Failure by a BP Defendant to notify the Claims Administrator whether it chooses to mediate your claim shall be deemed to be a decision by that BP Defendant not to mediate. Within 10 days of receipt of a BP Defendant's notification of its decision to mediate, the Claims Administrator will notify you of that decision.
>
> In accordance with the terms of the Medical Settlement Agreement, you may <u>not</u> file a Back-End Litigation Option Lawsuit until the BP Defendant(s) decide whether they will mediate your claim and, if one or more of them decide to mediate, until the mediation process concludes. For additional information concerning the Back-End Litigation Option, including the mediation process, please review Section VIII of the Medical Settlement Agreement and the "FAQ" section of the Claims Administrator's website at www.deepwaterhorizonmedicalsettlement.com.

[3] ECF No. 11-10.  This letter provides, in pertinent part:

> The BP defendant(s) identified on your Notice of Intent to Sue have elected not to mediate your claim for the following, which were listed in your Notice of Intent to Sue:
>
> LMPC1680066_1 : Plasma Cell Myeloma (~80% lambda+ plasma cells)
> LMPC1680066_2 : Diffuse Large B-Cell Lymphoma, Germinal Center Type
> LMPC1680066_3 : Squamous Cell Carcinoma, Keratoacanthoma Type
> Therefore, you may file a Back-End Litigation Option Lawsuit for that claim, subject to the limitations set forth in Section VIII.G of the Medical Settlement Agreement and in your Notice of Intent to Sue.

(i.e., six months after the December 15, 2023, notice).[4]  BP further argues that Plaintiff cannot revive the time period within which to file suit by submitting a second, identical NOIS on July 30, 2024, alleging the same LMPCs as raised in his July 22, 2022, NOIS.[5]  BP also asks that the claims against the Claims Administrator be dismissed.[6]

In Opposition to the Motion to Dismiss, Plaintiff argues that he filed a proper and complete NOIS on July 30, 2024, and BELO Complaint within four years of diagnosis (i.e., September 2, 2020[7]) in accordance with the MSA, and the only reason he has not received a timely Election Not to Mediate is because the Claims Administrator will not process the NOIS.  ECF No. 14 at 1-2. He argues that it is the Claims Administrator's failure to process the NOIS that precluded BP's election and rendered impossible his compliance with the MSA.  *Id.* at 3.  Plaintiff further argues that BP lacks standing to seek dismissal of the claims against the Claims Administrator and BP's motion to dismiss is based on disputed facts and therefore premature because, until the Court determines whether the declaratory judgment claim is valid, it cannot determine whether Plaintiff timely filed suit against BP.  *Id.* at 4-5.  He further argues that the Court cannot consider Ms. Hosty's affidavit as that is evidence outside of the Complaint.  *Id.* at 6.  Plaintiff also argues that dismissal constitutes a sanction and the MSA is too complex and confusing, lacks consideration and results in an unconstitutional violation of plaintiff's right to access the courts.  *Id.* at 7-14.  He also argues that the MSA does not preclude suits against the Claims Administrator.  *Id.* at 14-15.

In Reply, BP argues that the Complaint concedes that Plaintiff submitted a NOIS on July 22, 2022, and this fact coupled with the Notice of BP's Election Not to Mediate issued on December 15, 2023, demonstrates that the undisputed facts justify dismissal.  ECF No. 15 at 1-2.

---

[4] ECF No. 11-2 at 3.
[5] *Id.* at 4, 8-9.
[6] *Id.* at 9-11.
[7] ECF No. 4 ¶ 82.

Further, the MSA makes clear that the failure to timely file a BELO action within six months of BP's election not to mediate effects a release and discharge of the claim. *Id.* at 2 (citing MSA § VIII.G.1.b). Thus, BP argues, Plaintiff cannot resurrect his released and discharged claim and re-start the six-month filing period by submitting a second, duplicative NOIS. *Id.* at 2-3. BP further argues that consideration of Plaintiff's correspondence with the Claims Administrator is proper and does not convert this matter into a Rule 56 motion because these documents are referenced in the Complaint and central to the claim and that Plaintiff's request to modify the court-approved MSA must fail as that contractual agreement is not a mere case management tool. *Id.* at 3-7. BP also argues that the MSA precludes Plaintiff's claim against the Claims Administrator, it may properly raise that issue, the standing argument is inapplicable as that doctrine applies to address whether a party may seek redress in federal court, and, contrary to Plaintiff's argument, his constitutional right to access the court was not blocked but rather lost by his own failure to file a timely proceeding. *Id.* at 7-9.

## II.    LAW AND ANALYSIS

### A.    Standard for Motion to Dismiss

#### 1.    Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted." The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). This procedural mechanism tests the sufficiency of the Complaint; it is not meant to resolve disputed facts or tests the merits of the case: "[T]he issue is not whether a plaintiff will ultimately prevail but whether he is entitled to offer evidence to support his claims.

The other side will have its say later."[8]  In short, Rule 12 requires the court to assess whether, in plaintiff's best-case scenario, the complaint states a plausible case for relief.[9]

To defeat a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[10]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]  If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[12]

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"— "that the pleader is entitled to relief."[13]

The complaint need not contain detailed factual allegations, but it must offer more than labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[14]  The complaint must include enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[15]

---

[8] *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 582 (5th Cir. 2020) (internal quotations omitted) (quoting *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996)).  As the Supreme Court explained: "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted).

[9] *Sewell*, 974 F.3d at 582 (quoting *Iqbal*, 556 U.S. at 678).

[10] *Twombly*, 550 U.S. at 557, 570 (citation omitted); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008).

[11] *Iqbal*, 556 U.S. at 678.

[12] *Id.* (quoting *Twombly*, 550 U.S. at 557).

[13] *Id.* at 679 (internal citation omitted) (quoting FED. R. CIV. P. 8(a)(2)); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).

[14] *Iqbal*, 556 U.S. at 678 (citations omitted).

[15] *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (citing *Twombly*, 550 U.S. at 555, 559-60, 570).

The court liberally construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's allegations as true, and draws all reasonable inferences in favor of the plaintiff.[16]  Although fact questions and ambiguities in the controlling law must be resolved in plaintiff's favor,[17] the court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[18]  And while the Rule 12(b)(6) inquiry typically focuses on whether the plaintiff plausibly alleges the element of a claim, dismissal may also be based on a successful affirmative defense, provided that the affirmative defense appears on the face of the complaint.[19]  The pleading must reveal beyond doubt that the plaintiff can prove no set of facts that would overcome the defense or otherwise entitle him to relief.[20]

## 2.  Rule 12(b)(6) Authorizes Consideration of Certain Documents

In ruling on a Rule 12(b)(6) motion, the court may consider not only the allegations in the Complaint but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice.[21]  In addition, the court may consider any documents attached to the motion to dismiss that

---

[16] *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[17] *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

[18] *Degenhardt v. Bintliff*, 117 F.4th 747, 752 (5th Cir. 2024) (brackets in original) (quoting *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024)); *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citation omitted); *see also Twombly*, 550 U.S. at 555 (citation omitted).

[19] *Am. Precision Ammunition, L.L.C. v. City of Min. Wells*, 90 F.4th 820, 824 (5th Cir. 2024) (quoting *Bell v. Eagle Mountain Saginaw Indep. Sch. Dist.*, 27 F.4th 313, 320 (5th Cir. 2022) (quoting *Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, 976 F.3d 585, 588 (5th Cir. 2020))).

[20] *Id.* (citation omitted).

[21] *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022) (citation omitted) (recognizing that the court does not convert a Rule 12 motion into a Rule 56 motion by considering evidence attached to the motion, referred to in the complaint, and central to the plaintiff's claim); *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (same); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (same); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (same).

are central to the claim and referenced by the complaint.[22]   If matters outside the pleadings are presented to and not excluded by the court, the Rule 12(b)(6) motion must be treated as a Rule 56 summary judgment motion.[23]   Significantly, when an allegation is contradicted by the contents of an attached exhibit, the exhibit (not the allegation) controls.[24]

The Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, but case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims.[25]   If the document is merely evidence of an element of a plaintiff's claim, the court may not consider the document as part of the pleading.[26] Thus, a document is central to a claim if its attachment "assists the plaintiff in establishing the basis of the suit."[27]   The court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss.[28]

## B. BELO Claim Against BP

### 1. Background on the MSA and BELO

The BELO lawsuit process is the exclusive remedy for class members who did not opt out of the settlement and who seek compensation for Later-Manifested Physical Conditions, as defined

---

[22] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins*, 224 F.3d at 498–99); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 238 F. Supp. 3d 799, 815 (S.D. Tex. 2017), *aff'd sub nom. Lampkin v. UBS Fin. Servs., Inc.*, 925 F.3d 727 (5th Cir. 2019).

[23] FED. R. CIV. P. 12(d).

[24] *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing *Simmons v. Peavy–Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940), *cert. denied*, 311 U.S. 685 (1940)) ("If [] an allegation is contradicted by the contents of an exhibit attached to the pleading, then . . . the exhibit and not the allegation controls."); *Thermo Credit, LLC v. Cordia Corp.*, No. 12-1454, 2013 WL 425930, at *6 (E.D. La. Feb. 4, 2013) (Brown, J.) (citing *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)) (considering documents referenced or attached to complaint and noting that a document that contradicts the pleading takes prominence).

[25] *Orellana v. Terrebonne Par. Consol. Gov't*, No. 18-11673, 2019 WL 6036711, at *2 (E.D. La. Nov. 14, 2019) (Milazzo, J.) (citing *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 661–62 (N.D. Tex. 2011)).

[26] *Id.* (citing *Kaye*, 453 B.R. at 662; *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 537 (5th Cir. 2003)).

[27] *Port Cargo Servs., LLC v. Westchester Surplus Lines Ins. Co.*, 671 F. Supp. 3d 722, 726 (E.D. La. 2023) (Lemelle, J.) (quoting *Collins*, 224 F.3d at 499).

[28] *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988) (citations omitted).

in the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement (the "MSA").

*See* 10-md-2179, ECF No. 6427-1, § II(VV).  As a condition precedent to filing a BELO suit, a

class member must submit a Notice of Intent to Sue to the Medical Settlement Agreement Claims

Administrator (the "Claims Administrator"), who must transmit the notice to BP within ten days.

BP then has thirty days to decide whether to mediate the claim.  The MSA expressly provides:

> Any BACK-END LITIGATION OPTION LAWSUIT against a BACK-END
> LITIGATION OPTION DEFENDANT *must be filed within 6 months of either*:  (a)
> notice by the CLAIMS ADMINISTRATOR to the MEDICAL BENEFITS
> SETTLEMENT CLASS MEMBER of the election of all BP defendants named in
> the NOTICE OF INTENT TO SUE not to mediate, or (b) written confirmation by
> the CLAIMS ADMINISTRATOR to the MEDICAL BENEFITS SETTLEMENT
> CLASS MEMBER and to all BP defendants named in the NOTICE OF INTENT
> TO SUE that the mediation did not resolve the MEDICAL BENEFITS
> SETTLEMENT CLASS MEMBER'S claim as to all BP defendants named in the
> NOTICE OF INTENT TO SUE.

*Id.* § VIII(G)(1)(b) (emphasis added).  The  MSA further provides:

> In further consideration of the benefits described and the agreements and covenants
> contained in this MEDICAL SETTLEMENT AGREEMENT, upon the
> EFFECTIVE DATE and by operation of the FINAL ORDER AND JUDGMENT,
> any and all claims of a MEDICAL BENEFITS SETTLEMENT CLASS MEMBER
> relating to, arising from, or as a result of a LATER-MANIFESTED PHYSICAL
> CONDITION are released and forever discharged as to the RELEASED PARTIES
> with respect to that particular MEDICAL BENEFITS SETTLEMENT CLASS
> MEMBER'S particular LATER-MANIFESTED PHYSICAL CONDITION if, but
> only if, one or both of the following conditions occur as to that MEDICAL
> BENEFITS SETTLEMENT CLASS MEMBER:
> . . .
>         2) That MEDICAL BENEFITS SETTLEMENT CLASS MEMBER who is
> eligible to file a BACK-END LITIGATION OPTION LAWSUIT fails timely and
> properly to file such lawsuit for that particular LATER-MANIFESTED
> PHYSICAL CONDITION, as provided in Section VIII.G.1.b.

*Id.* § XVI(B).

### 2. The Six-Months Deadline Bars Plaintiff's Claim

In affirming this Court's dismissal of a prior BELO action based on this six-month

deadline, the Fifth Circuit recognized the enforceability of that provision, finding that plaintiffs'

failure to file suit within six months of the notice of BP's election not to mediate rendered the complaints untimely.[29]  The court-approved MSA is **not** merely a case management order.  It is an unambiguous, binding contract that cannot be modified or altered without the express written consent of the Medical Benefits Class Counsel and BP's counsel.  *Id.* § XXX(C).

Paragraph 98 of Plaintiff's Amended Complaint expressly admits that he submitted his first NOIS in July 2022.[30]  Plaintiff's Opposition, however, ignores that first NOIS entirely, focusing instead only on the Claims Administrator's failure to process his duplicative NOIS.

### 3.  Analysis

Plaintiff objects to the Court's consideration of BP's Exhibit 1 (Affidavit of Katharine Hosty) (ECF No. 11-3).[31]  While Ms. Hosty's affidavit is not properly considered and must be excluded, the underlying documents attached to Ms. Hosty's affidavit (e.g., ECF No. 11-4 (Plaintiff's July 15, 2022 NOIS); ECF No. 11-9 (Claims Administrator's November 10, 2023 Notice of Receipt of Valid NOIS); ECF No. 11-10 (Claims Administrator's December 15, 2023 Notice of BP's Election Not to Mediate)) are properly considered as Plaintiff's Complaint repeatedly references the NOIS process including his first July 2022 NOIS.[32]

Plaintiff did not file this suit until August 30, 2024.  That is more than six months after the Claims Administrator's December 15, 2023, Notice of BP's Election Not to Mediate.  Further, a comparison of the conditions asserted in Plaintiff's July 2022 NOIS and the conditions for which he files suit here based on the July 2024 NOIS are the same.[33]  Accordingly, Plaintiff's claims against BP are untimely and must be dismissed.

---

[29] *See In re Deepwater Horizon*, No. 20-30673, 2021 WL 4888395, at *2 (5th Cir. Oct. 19, 2021).
[30] ECF No. 4 ¶ 98.
[31] ECF No. 14 at 6-7.
[32] *See* ECF No. 4 ¶¶ 22, 94-98.
[33] *Compare* ECF No. 11-4, *with* ECF No. 4 ¶¶ 82, 94, 98.

Even if consideration of these NOIS documents were improper under Rule 12, conversion of this matter into a Rule 56 motion is appropriate given the face of these documents.  Further, this report and recommendation would constitute sufficient notice of conversion to Plaintiff.

## C.  Claims Against Claims Administrator

Initially, Plaintiff's argument that BP lacks standing to seek dismissal of the claims against Epiq Class Action & Claims Solutions, Inc., fails because, as the Fifth Circuit has recognized, the court can assess the adequacy of a pleading under Rule 12(b)(6) *sua sponte*.[34]  And it may dismiss the complaint for failure to state a claim "as long as the procedure employed is fair."[35]  A magistrate judge's Report and Recommendation satisfies any notice requirement incident to *sua sponte* dismissal.[36]

Setting aside the issue of whether the MSA prohibits or allows suits against the Claims Administrator such as Plaintiff's causes of action for declaratory judgment and specific performance,[37] Plaintiff does not allege that the Claims Administrator improperly handled or committed any dereliction of its duties with regard to his July 2022 NOIS.  Rather, his only complaint is that the Claims Administrator failed to process his second, duplicative July 2024 NOIS, which sought to raise for a second time the same LMPCs that were placed at issue in the July 2022 NOIS, and thus released and discharged as a result of Plaintiff's failure to file a BELO

---

[34] *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642 (5th Cir. 2007) (quoting *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir.1991)); *see also Robinson v. ElDorado Resorts Inc.*, No. 20-1624, 2021 WL 6275221, at *2 (W.D. La. Mar. 23, 2021) (citing *Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018)) (rejecting argument that defendants lacked standing to challenge the adequacy of a pleading directed at another party because the court can assess the adequacy of a pleading under Rule 12(b)(6) *sua sponte*).

[35] *Lozano*, 489 F.3d at 642 (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (quoting 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 301 (2d ed. 1990))); *Bazrowx*, 136 F.3d at 1054 (citing *Jacquez v. Procunier*, 801 F.2d 789, 792–93 (5th Cir. 1986)) (suggesting dismissal with prejudice is procedurally fair if "plaintiff has alleged his best case").

[36] *See Alexander*, 753 F. App'x at 208 (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (finding that magistrate judge's recommendation put habeas petitioner on notice of procedural default issue, and objection period allowed petitioner opportunity to respond, such that district court could raise issue sua sponte)); *see also Brown v. City of Cent.*, No. 23-30146, 2024 WL 546340, at *2 n.10 (5th Cir. Feb. 12, 2024) (noting same).

[37] ECF No. 4 ¶¶ 86-106; *see also* ECF No. 15 at 7-8.

action within six months of the December 15, 2023, Notice of BP's Election Not to Mediate.

Given that Plaintiff's claims against the Claims Administrator relate only to failure to process his time-barred claims, Plaintiff's Complaint fails to state a claim upon which relief can be granted. Even if the Claims Administrator processed the second claim, it would be time-barred and could not support a BELO action.

### D. Dismissal With/Without Prejudice

BP seeks a dismissal *with* prejudice because Plaintiff's failure to file timely cannot be cured by amending the complaint or granting additional time to comply with the conditions precedent.

The Case Management Order ("CMO") governs basic procedural matters at the outset of BELO cases. ECF No. 3. It expressly permits the parties to move to dismiss an individual BELO complaint with*out* prejudice for failure to complete the conditions precedent to filing a lawsuit. *Id*. ¶ IV(1)(A). But section IV(1) also permits motions to modify the CMO. *Id.* ¶ IV(1)(D). And, as retired Magistrate Judge Wilkinson explained, "At the time [the CMO] was issued, I optimistically anticipated only curable pre-filing administrative deficiencies, not that a plaintiff's failure would be to miss one of the absolute deadlines established in the Medical Settlement Agreement."[38]

No purpose would be served by dismissing this case without prejudice when its untimely filing under the MSA means that the asserted claims are time-barred and must be dismissed with prejudice.[39] Invoking CMO ¶ IV(1)(D), I hereby modify the CMO insofar as it applies to this BELO case to permit filing of the motion to dismiss with prejudice.

---

[38] *Benton v. BP Expl. & Prod. Inc.*, No. 19-9985, at 5-6 (E.D. La. July 15, 2019), ECF No. 17, *R&R adopted*, ECF No. 20; *Montalvo v. BP Expl. & Prod. Inc.*, No. 19-9987, at 5-6 (E.D. La. July 15, 2019), ECF No. 16, *R&R adopted*, ECF No. 19.
[39] *Montalvo*, No. 19-9987, at 19-20, ECF No. 16.

III.     **CONCLUSION**

The face of Plaintiff's Complaint reflects that he first submitted a NOIS for the same LMPCs on July 22, 2022 and, after he missed the six-month filing deadline, sought to file a second, duplicative NOIS to re-start the clock. As a result of Plaintiff's failure to file suit within six months of BP's election not to mediate on December 15, 2023, however, Plaintiff's claim based on those LMPCs were released, discharged and prescribed. Plaintiff cannot revive those time-barred claims by submitting a second, duplicative NOIS for the same conditions that have been released. Thus, Plaintiff cannot state a claim upon which relief may be granted against BP for the LMPCs raised in this case.

For the same reasons, Plaintiff's declaratory judgment and specific performance action against the Claims Administrator fails. Even if the Claims Administrator was forced to process Plaintiff's duplicative claim and he filed suit after BP's notice not to mediate, Plaintiff could not file a BELO suit because his claims for those LMPCs have already been released and are now time-barred. Accordingly, Plaintiff cannot state a claim against the Claims Administrator for failure to process the second, duplicative NOIS.

Accordingly, for the foregoing reasons,

IT IS RECOMMENDED that the Motion to Dismiss Plaintiff's Complaint (ECF No. 11) filed by Defendants BP Exploration & Production Inc. and BP America Production Company be GRANTED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[40]

      New Orleans, Louisiana, this ___4th___ day of November, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[40] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).