UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TODD M. DUFRENE | CIVIL ACTION |
| VERSUS | NO. 24-2154 |
| BP EXPLORATION & PRODUCTION, INC. ET AL. | SECTION "J"(2) |

### ORDER

The Court, having considered the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge (Rec. Doc. 18), and Plaintiff Todd M. Dufrene's Objection (Rec. Doc. 22), hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

Magistrate Judge Currault recommended Plaintiff Todd M. Dufrene's Complaint be dismissed with prejudice, as his second "Notice of Intent to Sue" ("NOIS") could not resurrect the claims made in his first NOIS, which were based on the same allegations and had missed its six-month filing deadline. Additionally, Judge Currault concluded that claims made against the Case Administrator should be dismissed because they arose from the Case Administrator's failure to process the second, duplicative NOIS. As an objection, Plaintiff largely restates his previously filed opposition, disputing *inter alia* the interpretation of the Medical Benefits Class Action Settlement Agreement ("MSA") and advocating for equitable timing

1

considerations. (Rec. Docs. 14 and 22). Plaintiff also insists the Claim Administrator overstepped her contractual bounds in refusing to process the second NOIS.

In arriving at her ruling, Judge Currault states the applicable passages of the MSA:

> Any BACK-END LITIGATION OPTION LAWSUIT against a BACK-END LITIGATION OPTION DEFENDANT must be filed within 6 months of either: (a) notice by the CLAIMS ADMINISTRATOR to the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER of the election of all BP defendants named in the NOTICE OF INTENT TO SUE not to mediate, or (b) written confirmation by the CLAIMS ADMINISTRATOR to the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER and to all BP defendants named in the NOTICE OF INTENT TO SUE that the mediation did not resolve the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER'S claim as to all BP defendants named in the NOTICE OF INTENT TO SUE.

*In re: Deepwater Horizon*, No. 10-md-2179 (E.D. La. May 3, 2012), ECF No. 6427-1 § VIII(G)(1)(b). Moreover, the effect of the passage of the deadline is evident:

> In further consideration of the benefits described and the agreements and covenants contained in this MEDICAL SETTLEMENT AGREEMENT, upon the EFFECTIVE DATE and by operation of the FINAL ORDER AND JUDGMENT, any and all claims of a MEDICAL BENEFITS SETTLEMENT CLASS MEMBER relating to, arising from, or as a result of a LATER-MANIFESTED PHYSICAL CONDITION are released and forever discharged as to the RELEASED PARTIES with respect to that particular MEDICAL BENEFITS SETTLEMENT CLASS MEMBER'S particular LATER-MANIFESTED PHYSICAL CONDITION if, but only if, one or both of the following conditions occur as to that MEDICAL BENEFITS SETTLEMENT CLASS MEMBER: . . .
>
> 2) That MEDICAL BENEFITS SETTLEMENT CLASS MEMBER who is eligible to file a BACK-END LITIGATION OPTION LAWSUIT fails timely and properly to file such lawsuit for that

particular LATER-MANIFESTED PHYSICAL CONDITION, as provided in Section VIII.G.1.b.

*Id.* § XVI(B). Thus, Plaintiff's attempt to revivify his time-barred claim fails.

**IT IS HEREBY ORDERED** that Plaintiff Todd M. Dufrene's Objection (Rec. Doc. 22) is **OVERRULED**, and the Magistrate Judge's Report and Recommendation (Rec. Doc. 18) is **APPROVED** and **ADOPTED** as the Court's opinion.

**IT IS FURTHER ORDERED** that the *Motion to Dismiss Plaintiff's Complaint* **(Rec. Doc. 11)** filed by Defendants BP Exploration & Production Inc. and BP America Production Company is **GRANTED**.

New Orleans, Louisiana, this 2nd day of December, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

3